UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE JEROME LEE, | Case No. 11-10209 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| WAYNE COUNTY, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 9)**
**MOTION TO AMEND COMPLAINT (Dkt. 23)**

**I.    PROCEDURAL HISTORY**

On January 18, 2011, plaintiff filed a prisoner civil rights action against defendants, Wayne County and the City of Detroit and various employees and agents of these entities. (Dkt. 1). On April 26, 2011, the City of Detroit defendants filed a motion to dismiss the complaint on the grounds of failure to state a claim and statute of limitations. (Dkt. 9). This matter was referred to the undersigned for all pretrial proceedings by District Judge Arthur J. Tarnow on April 27, 2011. (Dkt. 10). Plaintiff filed a response to the motion to dismiss on May 19, 2011. (Dkt. 11). On June 22, 2011, plaintiff filed a supplement to his response. (Dkt. 15). On September 13, 2011, plaintiff also filed a motion to amend his complaint. (Dkt. 23). The City of Detroit defendants filed a response on September 22, 2011.

(Dkt. 25). On October 7, 2011, plaintiff filed a reply. (Dkt. 26). This matter is now ready for report and recommendation.

## II.   ANALYSIS AND CONCLUSIONS

### A.   Statute of Limitations

A defendant raising the statute of limitations as an affirmative defense has the burden of proving that the action is time-barred. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). To prevail on this affirmative defense, defendants must prove both that: (1) the statute of limitations has run; and (2) that no genuine issue of material fact exists as to when plaintiff's cause of action accrued. *Id*. If defendants meet this burden, the burden then shifts to plaintiff to establish an exception to the statute of limitations. *Id*. The nonmoving party may not rest on the mere allegations in the pleadings. *Id*. However, if defendants fail to meet their burden of proof, plaintiff has no obligation to proffer any additional evidence to rebut the statute of limitations defense. *Fonseca v. CONRAIL*, 246 F.3d 585, 590-91 (6th Cir. 2001).

The nature of plaintiff's burden with respect to establishing an exception depends on the exception at issue. This Court recently agreed with the Tenth Circuit that "for equitable tolling of the statute of limitations, the burden lies with the plaintiff; for [tolling based on] administrative exhaustion under 42 U.S.C. § 1997e, the burden lies with the defendants." *Jones v. Richardson*, 2008 WL

907383, *11 (E.D. Mich. 2008), quoting *Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007).

Statutes of limitation are established to extinguish rights, justifiable or not, that might otherwise be asserted. *Kavanagh v. Noble*, 332 U.S. 535, 539 (1947). They are designed, among other things, to compel plaintiffs to exercise their rights of action within a reasonable time; to protect potential defendants from the protracted fear of litigation; and to promote judicial efficiency by preventing defendants and courts from having to litigate stale claims. *Moll v. Abbott Labs.*, 444 Mich. 1, 14, 506 N.W.2d 816 (1993); *see also U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 503 (6th Cir. 1998). As such, these statutory restrictions are not simply technicalities; rather, they are fundamental to a well-ordered judicial system. *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980).

Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003), citing *Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985). The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims."

*Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008), citing, Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *see also, Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (Where "state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").

The characterization of a claim, including the determination of when the cause of action accrued, is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995) (While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law.). The statute of limitations begins to run under federal law "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "In determining when the cause of action accrues in section 1983 actions, [courts] have looked to what event should have alerted the typical lay persons to protect his or her rights." *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997). In this case, plaintiff alleges claims under the Fifth, Eighth, and Fourteenth Amendments arising from events that occurred between August 28, 2004 and July 18, 2005. (Dkt. 1, Pg ID 6). According to plaintiff, he was beaten by another

inmate while in the custody of defendants and they failed to provide appropriate medical treatment. Plaintiff also alleges that they forced inappropriate psychiatric treatment on him during this period. (Dkt. 1). Regardless of the constitutional theory under which plaintiff's claims are pursued, they all began to accrue no later than July 18, 2005, according to the plain and clear allegations set forth in the complaint. Plaintiff's claims expired under the statute of limitations approximately 2.5 years before he filed his complaint on January 18, 2011. Thus, absent the application of equitable tolling, plaintiff's claims are barred by the statute of limitations.

      B.    <u>Tolling</u>

Plaintiff does not appear to dispute this fact, but alludes to his being "drugged" while in state custody (after his release from the custody of defendants) and thus being unable to assert his claims in a timely fashion. As state law governs issues of tolling, *see LRL Prop*, *supra*, the Court turns to the Michigan tolling statute, which provides, in relevant part:

> (1) If the person first entitled to make an entry or bring an action under this act . . . is insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run . . .
>
> (2) The term insane as employed in this chapter means a condition of mental derangement such as to prevent the

> sufferer from comprehending rights he or she is
> otherwise bound to know and is not dependent on
> whether or not the person has been judicially declared to
> be insane.

Mich. Comp. Laws § 600.5851(1)-(2). Section 600.5851(1) provides that, where the plaintiff is deemed insane at the time the claim accrues, the plaintiff is permitted a "year of grace" from the time when the disability is removed in which to file his or her claim. *English v. Bousamra*, 9 F.Supp.2d 803, 808 (W.D. Mich. 2008), citing *Honig v. Liddy*, 199 Mich.App. 1, 3-4, 500 N.W.2d 745 (1993); *Lemmerman v. Fealk*, 449 Mich. 56, 70, 534 N.W.2d 695 (1995). Further, to prevent the one-year period from beginning to run, the condition of incapacity must be continuous. *English*, 9 F.Supp.2d at 808, citing Mich. Comp. Laws § 600.5851(4) ("Successive disabilities shall not be tacked."). And, as noted above, plaintiff bears the burden of demonstrating that he is entitled to the benefit of this statute. *See Warren Consolidated Schools v. W.R. Grace & Company*, 205 Mich.App. 580, 583, 518 N.W.2d 508 (1994) ("[W]here it appears that the cause of action is prima facie barred, the burden of proof is upon the party seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations[.]").

While plaintiff makes a host of allegations that he was inappropriately medicated by state authorities for psychiatric problems he claims not to have,

plaintiff also describes a host of actions he took to pursue his complaints and claims in other ways. Plaintiff says he wrote to the trial judge in his criminal case, who responded by telling him to report the incident to the FBI. (Dkt. 1, Pg ID 8). Plaintiff then says that he wrote to the Wayne County Prosecutor's office, the Detroit Police Department's Internal Affairs Office, the Michigan Attorney General, the Wayne County Sheriff, to jail officials, and the Michigan Department of Civil Rights, among others. *Id.* Whatever the extent of plaintiff's mental issues, they did not impair his ability to file a host of complaints with a variety of government agencies and officials. Nothing about plaintiff's mental impairments affected his ability to file a complaint with this Court in a timely fashion. Given these facts, plaintiff has not met his burden of establishing that the limitations should be tolled. Thus, the undersigned sees no basis, and plaintiff has offered none, to toll the statute of limitations under Mich. Comp. Laws § 600.5851. Nothing in plaintiff's proposed amended complaint would change this analysis or conclusion.[1] For this reason, the undersigned recommends that defendant's motion to dismiss be granted.

Given the foregoing conclusions, the other grounds stated in defendants' motion to dismiss need not be addressed.

---

[1] Plaintiff's motion to amend the complaint will be denied via separate order for the reasons stated in this report and recommendation.

## III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 19, 2012                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on January 19, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Joseph G. Rogalski and John A. Schapka, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Jesse Jerome Lee, #209293, PARNALL CORRECTIONAL FACILITY, 1780 E. Parnall, Jackson, MI 49201

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov