UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jessie Lee, | Case No. 11-10209 |
| Plaintiff, | ARTHUR J. TARNOW |
| v. | SENIOR UNITED STATES DISTRICT JUDGE |
| Wayne County, et al., | |
| | MAGISTRATE JUDGE |
| Defendants. | MICHAEL HLUCHANIUK |
| _____/ | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [31], [32], [45], and [46],
DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [38],
GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME [44],
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [42]
and
GRANTING DEFENDANT'S MOTION TO DISMISS [33]**

On January 19, 2012, Magistrate Judge Hluchaniuk issued a Report and Recommendation [28] that Defendant City of Detroit's and Steven C. Walton's Motion to Dismiss [9] should be granted. No timely objection was filed. The Court adopted the Report and Recommendation and granted Defendants' Motion to Dismiss. Order [30].

The following filings are pending: Plaintiff's Objection [31]; Plaintiff's Objection [32]; Defendant Wayne County's Motion to Dismiss [33]; Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [38]; Magistrate Judge Hluchaniuk's Report and Recommendation [42]; Plaintiff's Motion for Extension of Time [44]; Plaintiff's Objection [45]; and Plaintiff's Objection [46].

*Objections [31] and [32]*

On February 6, 2012, the Court issued an Order [30] that adopted the Magistrate Judge's recommendation to grant Defendants' Motion to Dismiss [9]. The Magistrate Judge recommended a dismissal of Plaintiff's claims because they were barred by the statute of limitations. Plaintiff did

not file an objection during the allotted time. Plaintiff did, however, file two, almost identical, Objections [31] and [32] on February 7, 2012 and February 16, 2012 respectively. The Court will treat both objections as motions for reconsideration.

Local Rule 7.1, Motion Practice, provides that:

> [g]enerally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must . . . demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local R. 7.1(h)(3); *see also Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case."). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res. Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Here, Plaintiff's objection is mostly a summary of law that may or may not be applicable to his case. It is unclear because Plaintiff fails to allege facts regarding his case in connection with the law that he cites. Plaintiff's claims against Defendant City of Detroit and Steven C. Walton were dismissed as untimely due to the statute of limitations. Plaintiff's objection states law regarding equitable tolling and fraudulent concealment, among other things. Plaintiff argues that the statute of limitations should have been tolled in his situation because he was insane. Obj. [31], at 7. Plaintiff does not, however, allege facts that would support such a finding. Plaintiff's objection fails to state

specific facts that would afford the relief he requests. Plaintiff has not shown a palpable defect, the correction of which would result in a different disposition of the case. Plaintiff's request is denied.

*Application for IFP on Appeal [38]*

Following the Court's dismissal of the claims against Defendant City of Detroit and Defendant Steven Walton, Plaintiff filed two Notices of Appeal [34] and [40]. On April 9, 2012, Plaintiff also filed an Application to Proceed *In Forma Pauperis* on Appeal [38], which is now before the Court.

Pursuant to Federal Rules of Appellate Procedure Rule 24, a plaintiff must file a motion, accompanied by an affidavit that:

> (A) shows in the detail . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

28 U.S.C. § 1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." If a court denies such a motion or certifies that the appeal is not brought in good faith, it must notify the parties and the court of appeals. Fed. R. App. P. 24(a)(4). The court must state in writing its reasons for the denial. Fed. R. App. P. 24(a)(2).

Good faith is demonstrated when the movant "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal need not appear likely to succeed, but it must advance "legal points arguable on their merits (and therefore not frivolous)." *Jones v. Frank*, 622 F. Supp. 1119, 1120-21 (D.C. Tex. 1985) (quoting *Anders v. California*, 386 U.S. 738 (1967)).

Here, Plaintiff does not state the issue that he intends to present on appeal. Plaintiff simply states that the appeal is "not frivolous and/or malicious." *See* Dkt. [38] at 1. He seems to rely on his original pleading, as he provides no analysis in the Notice of Appeal. *See id.* His general statements of dissatisfaction do not advance "legal points arguable on their merits." *See Jones*, 622 F. Supp. at 1120-21. Insofar as Plaintiff's argument is based on a general incorporation of all prior pleadings, the Court finds that Plaintiff has not specified a non-frivolous issue for appellate review. *See Coppedge*, 369 U.S. at 445. Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [38] is denied.

*Report and Recommendation [42]*

On March 7, 2012, Defendant Wayne County filed a Motion to Dismiss [33], which was referred to the Magistrate Judge for Report and Recommendation (R&R). On April 17, 2012, the Magistrate Judge issued his R&R [42] recommending that the Court grant the motion because Plaintiff's claims were untimely due to the statute of limitations. On May 9, 2012, Plaintiff filed a Motion for Extension of Time [44] to file an objection. The Motion was unopposed and is now before the Court. The Court grants the Motion for Extension of Time [44].

Also before the Court are Plaintiff's Objections [45] and [46], which are almost identical. Both Objections relate to R&R [42]. Plaintiff argues that he is entitled to equitable tolling to save his claims.

The standard of review set forth in Federal Rule of Civil Procedure 72(b) governs this dispositive matter. Fed. R. Civ. P. 72(b). Pursuant to that rule, "[t]he district judge in the case must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* at 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (2006).

Similar to Plaintiff's Objections [31] and [32], Plaintiff lists a series of legal holdings and rules that may or may not be applicable to his situation. Plaintiff does not allege facts that would support

4

equitable tolling in his case. Therefore, the Court overrules Plaintiff's Objections [45] and [46]. The Report and Recommendation [42] of the Magistrate Judge is adopted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections [31] and [32] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [38] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time [44] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [45] and [46] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation [42] is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Defendant Wayne County's Motion to Dismiss is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 25, 2012

___

**CERTIFICATE OF SERVICE**

I hereby certify on June 25, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 25, 2012: **Jessie Lee.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182