UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE JEROME LEE,

    Plaintiff,

v.

WAYNE COUNTY, ET AL.,

    Defendants.

_____/

Case No. 11-10209

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL HLUCHANIUK

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [53] AND GRANTING DEFENDANTS' MOTION TO DISMISS [49]

### Introduction

Before the Court is Defendants Warren C. Evans as Wayne County Jail Sheriff, Warren C. Evans as Chief of Police, Kym L. Worthy, John Curry, Rome Lee, Lane, and Jane Parks' Motion to Dismiss [49], filed on July 13, 2012. Plaintiff submitted a Response [51] on September 6, 2012. Defendants filed a Reply [52] on September 10, 2012.

On October 25, 2012, Magistrate Judge Hluchaniuk issued a Report and Recommendation [53] recommending that Defendants' Motion to Dismiss [49] be granted and that the remainder of Plaintiff's complaint be dismissed with prejudice. On November 29, 2012, Plaintiff filed an Objection [56] to the Report and Recommendation. On December 7, 2012, Defendants filed a Response [57] to Plaintiff's Objection [56]. On January 4, 2013, Plaintiff filed a second Objection [58] to the Report and Recommendation.

For the reasons stated below, Defendants' Motion to Dismiss [49] is **GRANTED**, the Magistrate Judge's Report and Recommendation [53] is **ADOPTED** and is entered as the findings and conclusions of the court.

**Factual Background**

From August 28, 2004 to July 18, 2005, Plaintiff was detained at the Wayne County Jail while awaiting trial. On December 6, 2004, a detainee named Joseph Swelling physically assaulted Plaintiff. Plaintiff took steps to inform jail staff of the assault. Thereafter, Plaintiff was placed under the psychiatric care of the Michigan Department of Correction's mental health staff for approximately six years.

On January 18, 2011, Plaintiff filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Wayne County, the City of Detroit, and various employees and agents of these entities. Plaintiff alleges that the Defendants were responsible for Joseph Swelling's assault and Plaintiff's subsequent injuries. Plaintiff alleges that the Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution.

**Standard of Review**

The Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1)(C). Making some objections to a Magistrate Judge's Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239 (6th Cir. 2012). To set forth a plausible claim, a complaint must include "factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Id*. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, in determining whether a complaint sets forth a plausible claim, a court may consider not only the factual allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratee Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (*citing Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir.2001)).

## Analysis

Magistrate Judge Hluchaniuk's Report and Recommendation [53] recommends granting Defendants' Motion to Dismiss [49] and dismissing the remainder of Plaintiff's complaint with prejudice because this Court has previously determined that Plaintiff's claim is barred by the applicable statute of limitations and is not subject to equitable tolling. *See* Order Granting Defendants City of Detroit and Steven C. Walton's Motion To Dismiss [30]; Order Granting Defendant Wayne County's Motion to Dismiss [47].

The Plaintiff now lists four objections to the Report and Recommendation [53], all of which relate to the applicable statute of limitations and the doctrine of equitable tolling. Plaintiff raises no objections that he has not already made in response to previous motions to dismiss, and that have not already been denied by this Court.

In response to the instant Motion to Dismiss [49], Plaintiff first objects on the grounds that his claim should not be barred by the statute of limitations, arguing that Defendants have not met their burden of proof as to this defense. Defendants take the position that Plaintiff's cause of action accrued no later than December 6, 2004, the date of his assault. Based upon Michigan's three year statute of limitations for personal injury claims, Defendants argue that Plaintiff's cause of action expired on December 6, 2007. However, it has been established by the Court that Plaintiff's cause of action expired no later than July 18, 2008. *See* Order Granting Defendants' Motion To Dismiss [47]

(adopting the Magistrate Judge's findings).  Plaintiff did not file his complaint until January 18, 2011, almost two and a half years after the statute of limitations had run.  Therefore, this objection fails because, as before, the Court finds that Plaintiff's complaint was not filed within the statutory period.

Plaintiff next argues that the statute of limitations should be equitably tolled because it was filed within the one year grace period provided for in MCL § 600.5851(1). As before, Plaintiff alleges that he was insane within the meaning of MCL § 600.5851(1) until approximately March 26, 2010. Plaintiff has failed to raise any new issues or facts for the Court to review as to this objection. Therefore, Plaintiff's objections regarding equitable tolling are denied.

## Conclusion

For the reasons stated above, Defendants' Motion to Dismiss [49] is **GRANTED**.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [53] is **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [49] is **GRANTED**.

Accordingly, this matter is deemed resolved and the case is **CLOSED**.

**SO ORDERED**.

                          s/Arthur J. Tarnow
                          ARTHUR J. TARNOW
                          SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 26, 2013

---

### CERTIFICATE OF SERVICE

I hereby certify on March 26, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 26, 2013: **Jessie Jerome Lee.**

                          s/Michael E. Lang
                          Deputy Clerk to
                          District Judge Arthur J. Tarnow
                          (313) 234-5182