UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE JEROME LEE,

               Plaintiff,

v.

WAYNE COUNTY, ET AL.,

      Defendants.

_____/

CASE NO. 11-10209

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL HLUCHANIUK

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [61]

### I. Introduction

Before the Court is Plaintiff Jessie Jerome Lee's Motion for Reconsideration [61].

Defendants Warren C. Evans, Kym L. Worthy, John Curry, Rome Lee, Dr. Lane, and Jane Parks, filed a Motion to Dismiss [49] on July 13, 2012. On October 25, 2012, the Magistrate Judge issued a Report and Recommendation [53] as to the Motion to Dismiss [49], recommending that the Court dismiss Plaintiff's claims due to Plaintiff's failure to bring these claims within the statute of limitations. On November 29, 2012, Plaintiff filed an Objection [56] to the Report and Recommendation [53]. On December 7, 2012, Defendants filed a Response [57] to Plaintiff's Objection [56], and on January 4, 2013, Plaintiff filed a second Objection [58] to the Report and Recommendation [53]. On March 26, 2013, the Court entered

an Order [59] adopting the Report and Recommendation [53], granting Defendants'

Motion to Dismiss [49], and denying Plaintiff's objections.   On April 30, 2013,

Plaintiff filed the Motion for Reconsideration [61] now before the Court.

For the reasons stated below, Plaintiff's Motion for Reconsideration [61] is

DENIED.

## II. Standard of Review

Federal Rules of Civil Procedure Rule 60(b) provides that "[o]n motion and just

terms, the court may relieve a party or its legal representative from a final judgment,

order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise,

or excusable neglect;...(3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party."   A motion for relief under

Rule 60(b)(1) is intended to provide relief to a party in two instances: "(1) when the

party has made an excusable litigation mistake or an attorney in the litigation has

acted without authority, or (2) when the judge has made a substantive mistake of law

or fact in the final judgment or order."  *Cacevic v. City of Hazel Park*, 226 F.3d 483,

490 (6th Cir. 2000).

## III. Analysis

In adopting the Report and Recommendation [53] and granting Defendants'

Motion to Dismiss [49], the Court found that Plaintiff's claims were barred by the

2

applicable statute of limitations. Plaintiff now seeks reconsideration of this determination. In Plaintiff's Motion for Reconsideration [61] now before the Court, Plaintiff presents only one argument not already raised in his response to the Motion to Dismiss [49] or in his objections to the Report and Recommendation [53], and that has not already been rejected by the Court. Specifically, Plaintiff now argues that the doctrine of equitable estoppel applies here.

"Unlike equitable tolling, which requires concealment of plaintiffs' cause of action, equitable estoppel applies when plaintiffs are aware of their claims but defendants' conduct prevents plaintiffs from timely filing suit. When this occurs, defendants are estopped from asserting the statute of limitations as a bar to plaintiffs' lawsuit." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 424 (6th Cir. 2009). The elements of an equitable estoppel claim are as follows:

> 1) there must be conduct or language amounting to a representation of a material fact; 2) the party to be estopped must be aware of the true facts; 3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; 4) the party asserting the estoppel must be unaware of the true facts; and 5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Id.* at 425. "[E]quitable estoppel requires affirmative steps or action on the part of a defendant. Plaintiffs must have reasonably relied on defendants' affirmative conduct in failing to file suit within the statute of limitations. Also...plaintiffs invoking

equitable estoppel must establish due diligence." *Id.* "Whether there are sufficient facts to create an issue regarding the applicability of equitable estoppel is a question of law." *North Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1281 (6th Cir. 1997).

In support of his equitable estoppel claim, Plaintiff again argues that Defendants administered unnecessary antipsychotic medication in an effort to prevent Plaintiff from bringing his claims within the statute of limitations, and that Defendants knew or should have known of this alleged assault.

However, as previously noted by the Court, while allegedly under the debilitating effects of this medication, Plaintiff alleges he made several other efforts to pursue his complaints and claims. For example, Plaintiff alleges that he wrote to the trial judge in his criminal case, as well as to the Wayne County Prosecutor's office, the Detroit Police Department's Internal Affairs Office, the Michigan Attorney General, the Wayne County Sheriff, to jail officials, and the Michigan Department of Civil Rights. Based on Plaintiff's own allegations, the Court has previously held that it does not appear that Plaintiff's alleged mental impairments prevented him from filing a complaint in a timely fashion. As such , Plaintiff again fails to show that his failure to bring suit within the statute of limitations was a result of any affirmative acts by Defendants. Therefore, Plaintiff's claim of equitable estoppel is without merit.

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Reconsideration [61] is DENIED.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [61] is **DENIED**.

**SO ORDERED**.

<div style="margin-left:40%">

s/Arthur J. Tarnow
SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

</div>

Dated: August 7, 2014